UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LENARD HARRIS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>AL ST. LAWRENCE, Sheriff, Chatham )<br>County, )<br>)<br>Respondent. ) | Case No. CV405-152 |

## REPORT AND RECOMMENDATION

The instant 28 U.S.C. § 2254 petition was filed on August 25, 2005, after being executed by petitioner on August 18, 2005. Doc. 1. Because it appears from the face of his petition that petitioner has failed to exhaust available state remedies, the Court recommends that the petition be DISMISSED without prejudice for failure to exhaust.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in

state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case. Id. at 843.

Petitioner states that he is being held at the Chatham County Detention Center on a contempt matter until he pays $100,625.43 in child support. Doc. 1. He did not appeal the judgment and did not file a state petition for writ of habeas corpus. The instant § 2254 petition was signed and dated by petitioner only eight days after entry of the judgment. Petitioner therefore has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. Accordingly, the Court recommends that the instant petition be DISMISSED without prejudice for failure to exhaust state remedies, so that petitioner may pursue the appropriate remedies in state court.[1]

SO REPORTED AND RECOMMENDED this 8th day of September, 2005.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court advises petitioner that the filing of this premature federal habeas petition does not serve to toll the one-year statute of limitations for filing § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Only "a properly filed application for State post-conviction or other collateral review" will toll the statute. 28 U.S.C. § 2244(d)(2).

# United States District Court
## Southern District of Georgia

Lenard Harris                                  )

vs                                             )           CASE NUMBER  CV405-152

Al St. Lawrence                                )           DIVISION    Savannah

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 9/9/05, which is part of the official record of this case.

Date of Mailing:   9/9/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Leonard Harris 2B-8 1074 Carl Griffin Drive Savannah, GA  31405

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate